# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

LESLIE VON SULDON,           *

       Plaintiff,         *

v.                      *       CASE NO.7:07-CV-150 (WLS)
                                  42 U.S.C. § 1983

WARDEN SANDRA ABRAMS, *et al.,*   *

       Defendants.        *

## REPORT & RECOMMENDATION

Before the court is Defendants Abrams and Bynum's Motion for Summary Judgment,
filed on January 28, 2008. (R-50). The Plaintiff was notified of his right to respond and did
so on February 22, 2008. (R-64). On March 5, 2008, Defendants Abrams and Bynum filed
a Reply to Plaintiff's Response. (R-65).

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary
judgment, provides in part:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show that
> there is no genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact
and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c);
Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution.  *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact.  *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993).  In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party.  *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.**

**If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

In his complaint, Plaintiff alleges that while preparing for a work detail at Thomas County Correctional Institution, he hurt his back lifting a container of ice and water onto a truck. (R-2). Plaintiff alleges that Defendant Bynum was deliberately indifferent to his need for medical care when Defendant Bynum delayed Plaintiff's medical treatment. Plaintiff alleges that Defendant Abrams violated his civil rights by requiring him to return to a work detail several days after his alleged back injury. *Id.* Plaintiff seeks compensatory damages in the amount of $1.5 million per defendant, punitive damages in the amount of $3 million per defendant, a declaratory judgment stating his constitutional rights were violated, and injunctive relief requiring Defendants to render further treatment for the injury. *Id.*

In their Motion for Summary Judgment, Defendants Abrams and Bynum argue that there is no genuine issue as to any material fact such that Defendants are entitled to judgment in their favor as a matter of law. Specifically, Defendants argue: 1) that Defendant Bynum is entitled to summary judgment because there is no evidence that any delay in medical treatment had a detrimental effect; 2) that Defendant Bynum did not act with deliberate indifference; 3) Defendant Bynum is entitled to qualified immunity; 4) Defendant Abrams is entitled to summary judgment because she did not violate Plaintiff's constitutional rights by requiring him to work on a detail; 5) Defendant Abrams was not deliberately indifferent to Plaintiff's serious medical needs; 6) Defendant Abrams is entitled to qualified immunity;

and 7) Defendants Abrams did not violate Plaintiff's civil rights by transferring him to another facility. (R-51). In addition to their Motion and Brief, Defendants submitted a Statement of Undisputed Material Facts (R-52), Plaintiff's medical records and Medical Log Sheets (R-57, Exhibit 1), and Affidavits (R-53, 54, 55, and 56).

## Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L. Ed. 2d 251, (1976) rehearing denied 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106. To establish that the Defendants were deliberately indifferent to his serious medical needs Plaintiff would be required to show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Plaintiff alleges that he reported an injury to his back while preparing for a work detail on October 10, 2005. (R-2, and R-51). Plaintiff asserts that he notified Defendant Bynum of his injury. (R-2). Plaintiff further asserts that after he notified Defendant Bynum of the injury, Defendant Bynum and two inmates loaded Plaintiff onto a truck and proceeded to the work site. *Id*. Plaintiff alleges that he was instructed to remain in the truck. *Id*. At

the end of the work day, Plaintiff was returned to Thomas County Correctional Institution (TCCI) and seen by a nurse. *Id*. Plaintiff presented to Nurse Horton complaining of back pain after lifting a jug of water on detail. (R-56, Affidavit of Dr. James Odom). Following an examination, Nurse Horton gave Plaintiff an anti-inflammatory drug, Naprosyn, instructed Plaintiff to take a hot shower, and instructed Plaintiff not to work for 24 hours. *Id*. Plaintiff did not return to work until, October 17, 2005. (R-54, Affidavit of Lamar Bynum). Plaintiff asserts that when he went back out on work detail, he informed Defendant Bynum that something was still wrong with his back. (R-2). Plaintiff states that after Defendant Bynum informed Defendant Warden Abrams of Plaintiff's complaints, Defendant Abrams told Plaintiff that he could either go to work detail or go to segregation. *Id*. Plaintiff contends that he filed a grievance and was thereafter transferred to the kitchen detail, but that he never received a formal response to his grievance. *Id*. Plaintiff asserts that he continued to complain about his injury and received treatment from Defendant Odom. *Id*. Plaintiff contends that, at some point, Defendant Odom told him not to do any heavy lifting. *Id*. Plaintiff alleges that Defendant Odom told him that there was nothing more that he could do for him but have him sent back to prison because of the extent of his injury. *Id*. Plaintiff was transferred to Dooly State Prison on June 13, 2006, and filed suit shortly thereafter. *Id*.

The Defendants in this case contend that the Plaintiff was not treated with deliberate indifference, nor did Plaintiff suffer a detrimental effect from any delay in medical treatment. *Farmer v. Brennan*, a United States Supreme Court decision, held that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's

necessities" to support a plaintiff's position. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994).

As was stated, *supra*, to establish deliberate indifference, Plaintiff must present evidence that he possessed a serious medical need. If a serious need is demonstrated, Plaintiff must then establish that a prison official acted with deliberate indifference to a serious medical need by showing that the defendant had subjective knowledge of a risk of serious harm; that the defendant disregarded the risk; and that his conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004).

The Eleventh Circuit has held that a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir.1994)). In either of these situations, the medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (quoting *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970, 128 L.Ed.2d 811).

The United States Court of Appeals for the Eleventh Circuit has also held that the seriousness of a prisoner's medical needs could be evaluated by reference to the effect of delay in treatment.

> Where the delay results in an inmate's suffering a life-long
> handicap or permanent loss, the medical need is considered

> serious. An inmate who complains that delay in medical treatment rose to a constitutional violation **must place verifying medical evidence in the record** to establish the detrimental effect of delay in medical treatment to succeed."

*Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) (emphasis added). In this case, Plaintiff has argued both delay in medical care and deliberate indifference to a serious medical need. As to his argument of delay, Plaintiff states that after his injury, Defendant Bynum and two inmates helped Plaintiff into the back of the truck until the work day was over and that the did not receive medical care until hours after notifying jail personnel of his injury. (R-2). Plaintiff makes bare assertions that his condition was worsened by the delay in medical treatment for his back. Defendants have submitted the affidavit of Dr. James Odom, which documents the medical treatment Plaintiff received while incarcerated at TCCI. (R-56). In his affidavit, Dr. Odom spoke directly to the possible effect of delay in medical treatment, stating:

> It is my opinion, to a reasonable degree of medical certainty, that any delay in medical treatment [on the day of Plaintiff's injury] would not have exacerbated Inmate Suldon's condition or had any detrimental effect on his recovery or his current condition. . . . Even if Inmate Suldon had a herniated disk at the time I treated him, medication and rest were appropriate treatments.

(R-56, p. 4-5). Plaintiff, on the other hand, has failed to place any evidence into the record regarding any detrimental effect of the alleged delay in medical treatment. Therefore, Plaintiff's argument of "delay in medical care" is without merit.

However, Plaintiff's back injury would be considered a serious medical need as it was

diagnosed by a physician as requiring treatment.  Therefore, Plaintiff's general claims of deliberate indifference must be evaluated under the second part of the *Estelle* test.

The second part of the *Estelle* test, requires a plaintiff to prove "deliberate indifference" on the part of the Defendants.  The standard of "deliberate indifference" separates constitutional claims that are compensable under §1983 from tort claims.   In *Farmer v. Brennan*, the Supreme Court held that deliberate indifference should be evaluated from a subjective standpoint -- what the defendant prison official actually knew.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment

*Farmer at* 837-38.  The United States Court of Appeals for the Eleventh Circuit interpreted the subjective test in *Farmer*, as requiring summary judgment to be granted for the defendant prison official unless the plaintiff presents evidence, albeit circumstantial, of the official's subjective knowledge.  *Campbell v. Sikes*,169 F.3d 1353, 1364 (11th Cir. 1999) (quoting

*Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir.1996)).

A review of the medical records submitted by Defendants Abrams and Bynum, along with the sworn affidavits, fails to reveal any deliberate indifference to the Plaintiff's back injury, his need for treatment or his complaints of pain. Plaintiff does not deny that he received treatment for his back injury, but merely claims that he should have received different treatment. (R-2). As previously stated, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id.* at 106. Plaintiff received medical treatment on over twenty occasions between August 30, 2005, and May 23, 2006. (R-56). Defendants Abrams and Bynum were aware of Dr. Odom's treatment of Plaintiff. While being treated for back pain at TCCI, Plaintiff was "prescribed anti-inflammatory pain relievers, a muscle relaxant, a steroid, told to take a hot shower, ordered to be placed on the bottom bunk of his cell, told not to engage in heavy lifting, and an extra mattress was ordered for his bunk." (R-56, p. 3, See also Exhibit 1, Plaintiff's medical records). While on doctor's orders not to do any heavy lifting, Plaintiff did not return to Defendant Bynum's detail, but instead was assigned to work as an orderly in a TCCI dormitory and then assigned to kitchen detail. (R-55, Affidavit of Robert Geer). Neither the orderly detail, nor kitchen detail require heavy lifting. *Id.* Plaintiff has failed to establish that Defendants Abrams or Bynum acted with deliberate indifference to a serious medical need by showing that the defendants had subjective knowledge of a risk of serious harm; that the defendants disregarded the risk; and that the

defendants conduct was more than mere negligence.

As such, Plaintiff has failed to show that the actions of the Defendants Abrams and Bynum constituted deliberate indifference to his medical needs. Therefore, it appears that the Defendants have met their initial burden of showing that no genuine issue of material fact remains for determination by the trier of fact.

## Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Eleventh Circuit Court of Appeals has held that "The qualified immunity inquiry involves three steps: (1) the alleged conduct must fall within the scope of the discretionary authority of the actor; (2) if it does, we must then determine whether that conduct violates a constitutional right; (3) if so, we must inquire whether the asserted right was clearly established at the time of the alleged violation." *Tinker v. Beasley*, 429 F.3d 1324 (11th Cir. 2005); *citing*, *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do

the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

Plaintiff alleges in his complaint that Defendant Abrams threatened him with segregated confinement if he did not go out on a work detail. (R-2). Defendant Abrams states in her affidavit that "[a]t no time did I tell [Plaintiff] that if he did not work on a detail, he would be placed in administrative confinement." (R-53). Defendant Abrams argues that even if she did, however, she would be entitled to qualified immunity in this situation. (R-51, p. 14).

In *Saucier v. Katz,* cited *supra,* the Supreme Court held that if none of the Plaintiff's constitutional rights were violated had the allegations been established, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case. The Plaintiff has failed to prove that any the rights guaranteed to him through the United States Constitution were violated by Defendant Abrams ordering him to attend a detail when he had no physical restrictions placed upon him by a physician. (R-55, 56). Therefore, no more analysis is required. As such, Defendant Abrams is entitled to summary judgment regarding this claim.

# CONCLUSION

To preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements and provided credible evidence, Defendants Abrams and Bynum, as the moving parties, have met their burden of proof. That is, they have demonstrated to the court the basis for their motion which they believe show that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he merely made conclusory allegations, without supporting his contentions. In *Barfield v. Brierton*, the court held that Federal Rule of Civil Procedure 56(e) requires:

> [T]hat when a motion for summary judgment is made and supported according to the rule, the nonmoving party's response must set forth specific facts showing a genuine issue for trial. If the party's response consists of nothing more that a repetition of his conclusory allegations, the district court must enter summary judgment in the moving party's favor. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981); *cert. denied* 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982)

13

883 F.2d 928, 934 (11th Cir. 1989). This evidence was examined in a light more favorable to the non-moving party as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). As Plaintiff has failed to overcome his burden of proof, it is recommended that Defendants' Motion for Summary Judgment be **GRANTED**.

**ACCORDINGLY**, because it appears that Defendants Abrams and Bynum are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on their behalf be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of March, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc