# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| LESLIE VON SULDON, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.7:07-CV-150 (WLS) |
| | | 42 U.S.C. § 1983 |
| WARDEN SANDRA ABRAMS, *et al.,* | * | |
| Defendants. | * | |

## REPORT & RECOMMENDATION

Before the court is Defendant Odom's Motion for Summary Judgment, filed on March 12, 2008. (R-67). The Plaintiff was notified of his right to respond and did so on April 7, 2008. (R-75). On April 17, 2008, Defendant Odom filed a Reply to Plaintiff's Response. (R-77). On May 12, 2008, Plaintiff filed a Memorandum in Support of his Response to the Motion for Summary Judgment. (R-79).

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c)*; *Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for**

> **trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

In his complaint, Plaintiff alleges that while preparing for a work detail at Thomas County Correctional Institution, he hurt his back lifting a container of ice and water onto a truck. (R-2). Plaintiff alleges that Defendant Odom was deliberately indifferent to his serious medical needs. *Id*. Plaintiff seeks compensatory damages in the amount of $1.5 million, punitive damages in the amount of $3 million, a declaratory judgment stating his constitutional rights were violated, and injunctive relief requiring Defendant to render further treatment for the injury. *Id*.

### Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L. Ed. 2d 251, (1976) rehearing denied 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106. To establish that the Defendant was deliberately indifferent to his serious medical needs Plaintiff would be required to show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d

4

1248, 1255 (11th Cir. 1999).

On October 10, 2005, Plaintiff presented to Nurse Horton complaining of back pain after lifting a jug of water on a work detail. (R-2, R-51, and R-56, Affidavit of Dr. James Odom). Following an examination, Nurse Horton gave Plaintiff an anti-inflammatory drug, Naprosyn, instructed Plaintiff to take a hot shower, and instructed Plaintiff not to work for 24 hours. *Id*. Plaintiff did not return to work until, October 17, 2005. (R-54, Affidavit of Lamar Bynum). Plaintiff asserts that he continued to complain about his injury and continued to receive treatment from Defendant Odom. (R-2). Plaintiff contends that, at some point, Defendant Odom told him not to do any heavy lifting. *Id*. Plaintiff alleges that Defendant Odom told him that there was nothing more that he could do for him but have him sent back to prison because of the extent of his injury. *Id*. Plaintiff was transferred to Dooly State Prison on June 13, 2006, and filed suit shortly thereafter. *Id*.

In his Motion for Summary Judgment, Defendant Odom argues that there is no genuine issue as to any material fact such that Defendant is entitled to judgment in his favor as a matter of law. Specifically, Defendant argues he was not deliberately indifferent to Plaintiff's serious medical needs. (R-68). In addition to his Motion and Brief, Defendant Odom submitted an Affidavit (R-68-2), and Plaintiff's medical records (R-68-3, Exhibit "1").

As was stated, *supra*, to establish deliberate indifference, Plaintiff must present evidence that he possessed a serious medical need. If a serious need is demonstrated, Plaintiff must then establish that a prison official acted with deliberate indifference to a serious medical need by showing that the defendant had subjective knowledge of a risk of

serious harm; that the defendant disregarded the risk; and that his conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004).

Defendant Odom contends that the Plaintiff was not treated with deliberate indifference, nor did Plaintiff suffer a detrimental effect from any delay in medical treatment. In *Farmer v. Brennan*, a United States Supreme Court decision, the Court held that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities" to support a plaintiff's position. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994).

In order to survive summary judgment, Plaintiff must provide evidence that his medical need was serious. The Eleventh Circuit has held that a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir.1994)). In either of these situations, the medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (quoting *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970, 128 L.Ed.2d 811). Precedent then, would suggest that Plaintiff's back injury was indeed a serious medical need.

The United States Court of Appeals for the Eleventh Circuit has also held that the seriousness of a prisoner's medical needs could be evaluated by reference to the effect of delay in treatment.

> Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation **must place verifying medical evidence in the record** to establish the detrimental effect of delay in medical treatment to succeed."

*Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) (emphasis added).

In this case, Plaintiff has argued both delay in medical care and deliberate indifference to a serious medical need. As to his argument of delay, Plaintiff states that after his injury, he did not receive proper care. (R-2). Plaintiff makes bare assertions that his condition was worsened by the delay in medical treatment for his back. Defendant Odom has submitted an Affidavit and medical records, which document the medical treatment Plaintiff received while incarcerated at TCCI. (R-68-2 and R-68-3). In his affidavit, Dr. Odom spoke directly to the possible effect of delay in medical treatment, stating:

> It is my opinion, to a reasonable degree of medical certainty, that any delay in medical treatment [on the day of Plaintiff's injury] would not have exacerbated Inmate Suldon's condition or had any detrimental effect on his recovery or his current condition. . . . Even if Inmate Suldon had a herniated disk at the time I treated him, medication and rest were appropriate treatments.

(R-68-2, p. 4-5). Plaintiff, on the other hand, has failed to place any evidence into the record regarding any detrimental effect of the alleged delay in medical treatment. Therefore, Plaintiff's argument of "delay in medical care" is without merit. However, as stated above, Plaintiff's back injury would be considered a serious medical need as it was diagnosed by

7

a physician as requiring treatment. Therefore, Plaintiff's general claims of deliberate indifference must be evaluated under the second part of the *Estelle* test.

The second part of the *Estelle* test, requires a plaintiff to prove "deliberate indifference" on the part of the Defendant. The standard of "deliberate indifference" separates constitutional claims that are compensable under §1983 from tort claims. In *Farmer v. Brennan*, the Supreme Court held that deliberate indifference should be evaluated from a subjective standpoint -- what the defendant prison official actually knew.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment

*Farmer at* 837-38. The United States Court of Appeals for the Eleventh Circuit interpreted the subjective test in *Farmer*, as requiring summary judgment to be granted for the defendant prison official unless the plaintiff presents evidence, albeit circumstantial, of the official's subjective knowledge. *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting

8

*Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir.1996)).

A review of the medical records submitted by Defendant Odom, along with the sworn affidavit, fails to reveal any deliberate indifference to the Plaintiff's back injury, his need for treatment, or his complaints of pain. Plaintiff does not deny that he received treatment for his back injury, but merely claims that he should have received different treatment. (R-2). As previously stated, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106. Plaintiff received medical treatment on over twenty occasions between August 30, 2005, and May 23, 2006. (R-68-2 and R-68-3). Defendant Odom stated that he listened to Plaintiff's complaints and provided appropriate treatment for such. (R-68-2). Dr. Odom stated that "[b]ack pain has many different causes," and that "[a]t the time of [his] care and treatment for [Plaintiff], [he] appropriately diagnosed [Plaintiff] based upon the history, physical examination and [Dr. Odom's] education, training and experience." *Id*. Dr. Odom said that while being treated for back pain at TCCI, Plaintiff was "prescribed anti-inflammatory pain relievers, a muscle relaxant, a steroid, told to take a hot shower, ordered to be placed on the bottom bunk of his cell, told not to engage in heavy lifting, and an extra mattress was ordered for his bunk." (R-68-2, See also R-68-3, Exhibit "1," Plaintiff's medical records). Defendant Odom further attested that he believed that all of his treatment of Plaintiff was "proper, adequate, appropriate, and timely." (R-68-2, p. 4). Plaintiff has failed to establish that Defendant Odom acted with deliberate indifference to a serious

9

medical need by showing that the defendant had subjective knowledge of a risk of serious harm; that the defendant disregarded the risk; and that the defendant's conduct was more than mere negligence.

As such, Plaintiff has failed to show that the actions of Defendant Odom constituted deliberate indifference to his medical needs. Therefore, it appears that the Defendant has met his initial burden of showing that no genuine issue of material fact remains for determination by the trier of fact. As such, the burden shifts to the Plaintiff to rebut that presumption. Having failed to provide the court with any evidence to refute the Defendant's claims, it appears that Plaintiff has failed to establish that any issues of fact remain to be determined.

## CONCLUSION

To preclude summary judgment once the Defendant has provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted a sworn statement and copies of Plaintiff's medical records, the Defendant, as the moving party, has met his burden of proof. That is, he has demonstrated to the court the basis for his motion which he believes

shows that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendant was not entitled to a judgment as a matter of law shifted to the Plaintiff, he merely made conclusory allegations, without supporting his contentions. In *Barfield v. Brierton*, the court held that Federal Rule of Civil Procedure 56(e) requires:

> [T]hat when a motion for summary judgment is made and supported according to the rule, the nonmoving party's response must set forth specific facts showing a genuine issue for trial. If the party's response consists of nothing more that a repetition of his conclusory allegations, the district court must enter summary judgment in the moving party's favor. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981); *cert. denied* 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982)

883 F.2d 928, 934 (11th Cir. 1989). This evidence was examined in a light more favorable to the non-moving party as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). As Plaintiff has failed to overcome his burden of proof, it is recommended that Defendant Odom's Motion for Summary Judgment be **GRANTED**.

On April 8, 2008, Plaintiff filed a "Motion to Appeal Courts Decision to Grant Defendants Motion for Summary Judgment" (R-76), which refers to the Report and Recommendation as to Defendants Abrams and Bynum filed on March 10, 2008 (R-66). Plaintiff lodges no substantive objections to the court's prior recommendation, but simply complains that he presented a valid case and that the court disregarded such. Having previously recommended that Defendants Abrams and Bynum's Motion for Summary Judgment be Granted, it is also recommended that Plaintiff's "Motion to Appeal Courts Decision to Grant Defendants Motion for Summary Judgment" (R-76), be **DENIED**, as it is

without merit.

**ACCORDINGLY**, because it appears that Defendant Odom is entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendant Odom's Motion for Summary Judgment filed on his behalf be **GRANTED** as to all Claims. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of May, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc