IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LESLIE VON SULDON, | : | |
| Plaintiff, | : | 7:07-CV-150 (WLS)[1] |
| v. | : | |
| WARDEN SANDRA ABRAMS, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed on March 10, 2008. (Docs. 66). It is recommended that Defendant Abrams and Bynum's Motion for Summary Judgment (Doc. 50) be granted. (Doc. 66). No objection was filed. However, Plaintiff did file "Motion to Appeal, Courts [*sic*] Decision to Grant Defendants [*sic*] Motion for Summary Judgment A Miscarriage of Justice..." at document 76 on April 8, 2008.[2]

In the Recommendation, it was found that although Plaintiff's back injury constituted a "serious medical need," the briefings failed to reveal any deliberate indifference on the part of Defendants Abrams and Bynum. (Doc. 66). In support of this finding, Magistrate Judge Faircloth also found that Plaintiff acknowledged that he received treatment for his back injury. *Id*. In fact, Plaintiff received medical treatment on "over twenty occasions between August 30, 2005, and May 23, 2006." *Id*. However, Plaintiff argues that he "should have received different treatment." *Id*. As noted by Magistrate Judge Faircloth, "[a] mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation." *Id*.

---

[1] The Court notes that Plaintiff has double captioned a number of his filings with both the case number from the instant action and case number 5:06-CV-271(CAR). The Court notes that it is only addressing matters concerning the instant action, case number 7:07-CV-150(WLS). Additionally, Judgment was entered against Plaintiff in case number 5:06-CV-271(CAR) on March 11, 2008. 5:06-CV-271(CAR), (Doc. 84).

[2] The Court notes here, that even if Document 76 was intended by Defendant to be an objection to Judge Faircloth's recommendation, it was untimely filed.

1

In Document 76, to the extent that it could be interpreted as, or meant to be, an objection, Plaintiff contends that Defendants, with the assistance of others, not party to the above captioned matter, conspired to alter entries on medical documents and confiscate materials he intended to submit to the Court. (Doc. 76). Plaintiff also contends that Minister James Gary Cofer made copies of his documents and sent them back to Plaintiff, however the same were never received. *Id*. Furthermore, Plaintiff states that he filed a grievance, number 0549-08-0046, concerning his missing case materials. *Id*. Unfortunately for Plaintiff, his filing at Document 76 does not include any substantive legal objections to Judge Faircloth's Report and Recommendation. (*See* Doc. 76). Additionally, none of the contentions included in Document 76 were presented to Judge Faircloth as part of Plaintiff's Response to Defendant's Motion for Summary Judgment. (Doc. 64). Specifically, Plaintiff attempts to put forth arguments explaining his previous untimely filings. However, the Court again notes, that Plaintiff failed to submit such arguments or explanations to Judge Faircloth. Finally, Plaintiff fails to include any evidence for the multitude of accusations levied in Document 76. (*See* Doc. 76).

Upon full review and consideration upon the record, the Court finds that the Report and Recommendation (Doc. 66) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made and conclusions reached herein. Accordingly, Defendant Abrams and Bynum's Motion for Summary Judgment (Doc. 50) is **GRANTED** and Plaintiff's "Motion to Appeal, Courts Decision to Grant Defendants Motion for Summary Judgment A Miscarriage of Justice..." (Doc. 76) is **DENIED**. To clarify the record, Defendants Abrams and Bynum are the only remaining Defendants in the above captioned matter. Therefore, the Court's hereby **ORDERS** that **JUDGMENT** be entered in Defendants' favor. Accordingly, Plaintiff's Motions (Doc. 61, 76, 84) are hereby **DENIED as MOOT**.

**SO ORDERED**, this   30th   day of September, 2008.

                                              /s/W. Louis Sands
                                    **THE HONORABLE W. LOUIS SANDS,**
                                    **UNITED STATES DISTRICT COURT**